**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7681

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN DEONTA STROM, a/k/a Jae Dee, a/k/a Jae, a/k/a J-Dirt,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cr-00159-JCC-1; 1:15-cv-00632-JCC)

Submitted: April 26, 2017                                    Decided: May 10, 2017

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Justin Deonta Strom, Appellant Pro Se. Marc Birnbaum, Special Assistant United States Attorney, Inayat Delawala, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Deonta Strom appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from judgment in his 28 U.S.C. § 2255 (2012) proceeding. We vacate the district court's order and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012). *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). By contrast, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 531-32). Where, however, the movant "'presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b),'" such a motion is a mixed Rule 60(b)/§ 2255 motion. *Id.* at 400 (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)).

In his Rule 60(b) motion, Strom sought a remedy for a perceived flaw in his § 2255 proceeding—namely, the district court's failure, in ruling on the § 2255 motion, to address Strom's claims of actual innocence and that plea counsel induced Strom's guilty plea by assuring Strom that he would receive a 10-year sentence—and raised a direct attack on his conviction and sentence. Accordingly, the motion was a mixed Rule 60(b)/§ 2255 motion. *McRae*, 793 F.3d at 397, 400; *see Gonzalez*, 545 U.S. at 532 n.4 (holding that a movant files a true Rule 60(b) motion "when he . . . asserts that a previous

ruling which precluded a merits determination was in error"); *Winestock*, 340 F.3d at 207 (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The district court did not afford Strom the opportunity to elect between deleting his successive § 2255 claims or having his entire motion treated as a successive § 2255 motion. *See McRae*, 793 F.3d at 400 ("This Court has made clear that '[w]hen [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" (quoting *Winestock*, 340 F.3d at 207)). We therefore vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*